**Jennie SELIM, Plaintiff–Appellant,**

v.

**MICHIGAN JOBS COMMISSION,
Defendant–Appellee.**

No. 00–1433.

United States Court of Appeals,
Sixth Circuit.

Dec. 4, 2001.

Before MERRITT, CLAY, and GILMAN, Circuit Judges.

## *ORDER*

Jennie Selim appeals pro se from a district court judgment that dismissed her employment discrimination case, filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the Elliott–Larsen Civil Rights Act, Mich. Comp. Laws. § 37.2101, *et seq.* Her appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon review, the panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Selim primarily alleged that the Michigan Jobs Commission had discriminated against her based on her race and sex and that it had retaliated against her because of her union activities and EEOC complaints. She alleged that she had been unfairly harassed, disciplined, and discharged from her position as a rehabilitation counselor. On July 12, 1999, the district court adopted a magistrate judge's recommendation and dismissed several of Selim's claims. On April 19, 2000, the court awarded summary judgment to the Commission on her remaining Title VII claims.

In his report, the magistrate judge found that Selim did not have a cognizable claim under 42 U.S.C. § 1981, federal labor law, the Elliott–Larsen Act or other provisions of state law. Selim did not file any objections to the report. Consequently, she has forfeited these claims for purposes of appellate review. *See Miller v. Currie,* 50 F.3d 373, 380 (6th Cir.1995).

We review the district court's award of summary judgment de novo. *See Talley v. Bravo Pitino Restaurant, Ltd.,* 61 F.3d 1241, 1245 (6th Cir.1995). Such an award is proper if there is no genuine issue of

material fact and the movant is entitled to judgment as a matter of law. *Id.*

In Title VII actions, the plaintiff bears the initial burden of establishing a prima facie case of discrimination by the defendant. A plaintiff may establish a prima facie case of discrimination either by presenting direct evidence of intentional discrimination by the defendant, or by showing the existence of circumstantial evidence which creates an inference of discrimination.

*Id.* at 1246 (citations omitted).

If the plaintiff establishes a prima facie case, the burden shifts to the employer to produce evidence from which a reasonable trier of fact could conclude that its disputed actions were taken for legitimate nondiscriminatory reasons. *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). If the employer provides a well-supported explanation, the burden shifts back to the plaintiff to show that the proffered reasons were merely a pretext for discrimination. *Id.* at 256, 101 S.Ct. 1089. While the burden of production may shift, the plaintiff always has the ultimate burden of persuading the trier of fact that the employer intentionally discriminated against her. *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 507, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993).

Selim alleged that the Commission permitted a workplace environment in which she was singled out for harassment and unfair disciplinary action, while male and other white employees were not held accountable to the same standards. In rejecting this claim, the district court found that Selim had not made out a prima facie case because she had not identified specific dates or incidents where employees who were not of her race or gender had been treated differently.

■ Selim now argues that the Commission did not respond when she complained of supervisory harassment, but she has not shown that the alleged harassment was based on her race or gender. Instead, it appears the supervisors' actions were based on Selim's misrepresentations regarding her starting times for work, her failure to see clients on time, and her inappropriate treatment of clients and supervisors. Moreover, Selim has not shown that she was treated differently from similarly situated individuals who were not members of a protected class. Her situation was different from that of other employees who were simply late for work, as she had made misrepresentations on her sign-in sheet and had been previously warned about her conduct. *See Mitchell v. Toledo Hosp.,* 964 F.2d 577, 582–84 (6th Cir.1992). Thus, Selim has not made out a prima facie case of harassment because she has not shown that the Commission's actions were based on her membership in a protected class or that they unreasonably interfered with her work performance. *See Crawford v. Medina General Hosp.,* 96 F.3d 830, 836 (6th Cir.1996).

■ The Commission's motion for summary judgment included evidence which indicated that it had legitimate nondiscriminatory reasons for firing Selim. This evidence shows that Selim was subjected to a progressive disciplinary system and given adequate warning that her continued mistreatment of clients and staff would result in dismissal. Hence, the district court properly found that Selim had not carried her burden of showing that the Commission's stated reasons for terminating her had been a pretext for discrimination. Selim now asserts that a union grievance was settled in her favor. However, the alleged settlement of one grievance is not sufficient to show that the Commission's stated reasons were merely pretextual. *See Mitchell,* 964 F.2d at 584–85. In this regard, we note that Selim has not shown

that the Commission was motivated by a discriminatory animus, even if it were assumed that the stated reasons for discontinuing her position were false. *See Pierce v. Commonwealth Life Ins. Co.,* 40 F.3d 796, 804–05 (6th Cir.1994).

Selim alleged that the Commission's actions were in retaliation for her internal complaints and for the administrative actions that she filed with the EEOC. The district court rejected this claim because Selim had not established the causal link required for a prima facie case of retaliation. Selim's current brief does not contain any coherent response to this ruling. Thus, she has abandoned her retaliation claim for purposes of appellate review. *See Buziashvili v. Inman,* 106 F.3d 709, 719 (6th Cir.1997). We note, nonetheless, that Selim did not present sufficient evidence to show that there was a causal nexus between the Commission's actions and her protected activity or that the stated reasons for the Commission's actions were a pretext for discrimination. *See Johnson v. United States Dep't of Health and Human Servs.,* 30 F.3d 45, 47–48 (6th Cir.1994).

■ Selim argues that the district court judge was biased against her because her attorney did not perform sufficient discovery. However, the record does not contain any indication of judicial bias. Selim also argues that the district court impeded her ability to conduct depositions by allowing the Commission an extension of time in which to answer her interrogatories. This argument fails because Selim did not file a motion to compel further discovery or an affidavit averring that she was unable to adequately respond to the Commission's motion for summary judgment, as prescribed by Fed.R.Civ.P. 56(f). *See March v. Levine,* 249 F.3d 462, 473 & n. 9 (6th Cir.2001).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.